## No. 19,681.

JOHN MARK NOTHAUS *v.* ROBERT A. THEOBALD,
DIRECTOR OF REVENUE.
(363 P. [2d] 184)

Decided July 3, 1961.  Rehearing denied July 31, 1961.

Mr. JOHN C. YOUNG, JR., for petitioner.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. CHARLES S. THOMAS, Assistant,
for respondent.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS case was consolidated for hearing in this court
with cause No. 19,620, *People v. John Mark Nothaus,* an-

nounced this day. Facts pertinent to the instant action will be found in the opinion in that case and will not be repeated here.

In this original proceeding Nothaus filed his petition in which he sets forth facts shown in the opinion above mentioned. In addition he alleges that notwithstanding that he was found not guilty of any wrongdoing, by the county court of Teller county, and notwithstanding that he applied to the above named respondent for a renewal of his driver's license prior to the time it would otherwise have legally expired, respondent refused to renew the same because of the existence of a "red flag" upon his card in the files of the director's office. As shown by our opinion in cause No. 19,620, the license of Nothaus was illegally suspended and no lawful reason existed at any time why his license should not have been renewed at the time the request therefor was made.

█ Because of the delay involved in the unjustified refusal of respondent to renew the license, the time has elapsed within which Nothaus was entitled to renewal without extended re-examination. The director of revenue takes the position that he cannot now renew the license unless Nothaus submits to the extended examination which was required of him when his license was first issued. The respondent is mistaken. Nothaus was entitled to a renewal of his license at the time he applied for that renewal. The denial of that request was without legal justification. Respondent cannot now impose any additional burden upon Nothaus in the matter of securing a renewal of his license which did not exist at the time the application for renewal was unlawfully denied. The controlling date in this connection is the date upon which the renewal request was made and denied. Everything to which Nothaus was entitled at that time, he is entitled to receive now. The showing made by respondent is insufficient to warrant denial of the relief prayed by Nothaus and the rule accordingly is made absolute.

MR. JUSTICE DOYLE and MR. JUSTICE MCWILLIAMS dissent.

MR. JUSTICE MCWILLIAMS dissenting:

I dissent for reasons more fully set forth in my dissenting opinion filed in Case No. 19,620, decided this date.

MR. JUSTICE DOYLE concurs in this dissenting opinion.