No. 19,788.

ALBERT M. KNIGHT *v.* ROBERT A. THEOBALD, DIRECTOR OF
REVENUE OF THE STATE OF COLORADO.

(372 P. [2d] 742)

Decided June 25, 1962.

Mr. JOHN C. YOUNG, JR., for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. FLOYD B. ENGEMAN, Assistant,
for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the
court.

No good purpose would be served by reciting the
details of the ten year joust with the State Revenue
Department, during which time the plaintiff Knight has
sought either to retain, to have restored to him, or to

have re-issued to him, his driver's license suspended under a statute then in force familiarly referred to as the "Financial Responsibility Law."

The facts here come squarely within the two Nothaus cases decided in July 1961. *People v. Nothaus,* 147 Colo. 210, 363 P. (2d) 180, and *Nothaus v. Theobald,* 147 Colo. 219, 363 P. (2d) 184. Since the section under which Knight's driver's license was suspended has been held to be unconstitutional, the suspension of his license was of no force or effect. Consequently, the "second" Nothaus case, *Nothaus v. Theobald,* supra, is also controlling in the situation which confronted Knight when, prior to the birthday when his driver's license was renewable, he applied to have it renewed. The language of the Nothaus case is apropos here. We need only substitute the name of Knight for Nothaus:

" * * * As shown by our opinion in cause No. 19,620 the license of Nothaus was illegally suspended and no lawful reason existed at any time why his license should not have been renewed at the time the request therefor was made.

"Because of the delay involved in the unjustified refusal of respondent to renew the license, the time has elapsed within which Nothaus was entitled to renewal without extended re-examination. The director of revenue takes the position that he cannot now renew the license unless Nothaus submits to the extended examination which was required of him when his license was first issued. The respondent is mistaken. Nothaus was entitled to a renewal of his license at the time he applied for that renewal. The denial of that request was without legal justification. Respondent cannot now impose any additional burden upon Nothaus in the matter of securing a renewal of his license which did not exist at the time the application for renewal was unlawfully denied. The controlling date in this connection is the date upon which the renewal request was made and

denied. Everything to which Nothaus was entitled at that time, he is entitled to receive now. * * * "

The judgment of the trial court affirming the action of Theobald as Director of Revenue is reversed and the cause remanded with directions to the trial court to enter a judgment ordering the Director of Revenue of the State of Colorado to forthwith issue a driver's license to Knight as of his last birthday without examination save as to his physical fitness such as required by statute as of the date he applies for such license.

Mr. Justice McWilliams adds the following:

Solely on the ground of stare decisis I concur in the opinion of Mr. Chief Justice Day. The instant case falls within the broad coverage of *People v. Nothaus,* 147 Colo. 210, 363 P. (2d) 180, and *Nothaus v. Theobald,* 147 Colo. 219, 363 P. (2d) 184. Notwithstanding my individual opinion that these cases were incorrectly decided, the issue has been closed and I yield to the views of the majority.